IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND WIRTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1715-BN |
| | § | |
| ZIBA ENTERPRISES, INC. D/B/A | § | |
| ACE IMPORTS AND FINANCIAL | § | |
| SERVICES, ET AL., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendants Ziba Enterprises, Inc. d/b/a Ace Imports and Financial Services ("Ziba") and Kambiz Kenny Anet ("Anet", and, with Ziba, collectively "Defendants") have filed a motion to abate and compel binding arbitration. *See* Defendants' First Amended Motion to Abate and Compel Binding Arbitration [Dkt. No. 11]. For the reasons explained herein, Defendants' motion [Dkt. No. 11] is GRANTED.

### Background

Plaintiff Raymond Wirth filed this suit against Defendants on May 6, 2013, alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay Plaintiff the federally mandated minimum wage for each hour worked during the workweek. *See* Dkt. No. 1.

Defendants filed an answer on May 28, 2013. *See* Dkt. No. 5. On June 10, 2013, Defendants then filed a Motion to Abate and Compel Binding Arbitration, *see* Dkt. No. 8, but this motion was superseded and mooted by Defendants' filing their First

Amended Motion to Abate and Compel Binding Arbitration on July 8, 2013, *see* Dkt. No. 11 & 19.

Defendants' motion is based on an Arbitration Agreement between Plaintiff and Ziba that Plaintiff signed on June 1, 2012. *See* Dkt. No. 11-1. Defendants ask the Court to compel binding arbitration between the parties in this case and to abate this judicial proceeding so that the arbitration may take place. *See* Dkt. No. 11.

## Legal Standards & Analysis

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). The FAA "provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3 & 4). The Arbitration Agreement at issue here specifically invokes the FAA. *See* Dkt. No. 11-1.

Courts in the Fifth Circuit employ a two-step inquiry when deciding a motion to compel arbitration under the FAA. *See Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). The first step is to determine whether the parties agreed to arbitrate the dispute at issue. *See Webb v. Instacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). The second step is to determine whether any legal restraints external to the agreement foreclose arbitration of the dispute. *See OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per

-2-

curiam). Given the federal policy favoring arbitration, the Court's task is narrowly circumscribed. *See Singh v. Choice Hotels Int'l, Inc.*, No. 3:07-cv-0378-D, 2007 WL 2012432, at *2 (N.D. Tex. July 11, 2007). Upon a finding that these two steps are satisfied, the Court must stay proceedings to allow for arbitration "in accordance with the terms of the agreement." 9 U.S.C. § 3.

The Court's determination of whether the parties agreed to arbitrate the dispute at issue requires consideration of whether a valid agreement to arbitrate exists among the parties and whether the dispute is within the scope of the arbitration agreement. *See Webb*, 89 F.3d at 258. Here, Plaintiff does not dispute the existence and validity of the Arbitration Agreement. *See* Dkt. No. 16 at 2. And, other than as discussed below, there is no dispute that Plaintiff's FLSA claims are within that agreement's scope – which they clearly are. *Compare* Dkt. No. 1, *with* Dkt. No. 11-1. The United States Court of Appeals for the Fifth Circuit has held that FLSA claims are subject to arbitration, and Plaintiff does not assert otherwise. *See Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004). Indeed, before filing this lawsuit, Plaintiff suggested that his claims should be arbitrated. *See* Dkt. No. 16-1; Dkt. No. 20.

The next step in the Court's analysis is to determine whether any legal restraints external to the agreement foreclose arbitration of the claims at issue here. *See OPE Int'l LP*, 258 F.3d at 445-46. Arbitration agreements, like other contracts, may be invalidated by contract defenses such as waiver. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). Plaintiff argues (1) that Defendant Ziba waived its right to compel arbitration and (2) that, under the terms of the Arbitration

Agreement, Defendant Anet cannot participate in any arbitration, which, according to Plaintiff, therefore should not be compelled as to either of the Defendants.

"There is no settled rule as to what act or omission constitutes a waiver of an agreement to arbitrate," and "[t]he question of waiver depends on the circumstances of each case." *Valero Refining, Inc. v. M/T Lauberhorn*, 813 F.2d 60, 65 (5th Cir. 1987). "Although waiver of arbitration is a disfavored finding, [w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party"; "[a] party generally invokes the judicial process by initially pursuing litigation of claims then reversing course and attempting to arbitrate those claims." *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009). "But waiver can also result from some overt act in Court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* (internal quotation marks omitted). "In addition to invocation of the judicial process, the party opposing arbitration must demonstrate prejudice before [the Court] will find a waiver of the right to arbitrate." *Id.* at 910. "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010) (internal quotation marks omitted).

Contrary to Plaintiff's assertions, Defendant Ziba did not waive its right to compel arbitration by ignoring or refusing Plaintiff's demand that Ziba initiate the arbitration process regarding Plaintiff's claim for unpaid wages and advance the arbitration fees and costs. Plaintiff relies heavily on the Arbitration Agreement's

-4-

provision that "Employer will advance all arbitration fees and costs on behalf of the Employee." Dkt. No. 11-1. But this provision does not dictate that Ziba must actually initiate the arbitration proceeding for a claim by Plaintiff against Ziba. The Arbitration Agreement does not specify which party is responsible for initiating the arbitration proceeding but rather states that any dispute between Employer and Employee "shall be submitted to binding arbitration." *Id.* The Arbitration Agreement further provides that "[a] final allocation of arbitration fees and costs shall be made by the Arbitrator applying any required substantive legal principle." *Id.*

Plaintiff argues that, by not responding to Plaintiff's demand and not initiating arbitration itself, Defendant Ziba left Plaintiff with no choice but to file suit and incur attorneys' fees and costs to prepare, file, and serve the complaint and that, as a result, Ziba waived its right to compel arbitration. Plaintiff's analysis of the requirements of the Arbitration Agreement goes too far, and his assertion of prejudice comes up short.

First, all that the Arbitration Agreement makes clear is that Ziba "will advance all arbitration fees and costs on behalf of the Employee." Dkt. No. 11-1. There is no dispute that Ziba did not do so, but Plaintiff never actually initiated arbitration on his claims. Plaintiff's January 2013 demand letter sought settlement "[b]efore Arbitration is officially requested," and Plaintiff did not actually demand arbitration until March 2013. *See* Dkt. No. 16-1; Dkt. No. 20; Dkt. No. 22-1. And Defendant did not refuse to arbitrate in January 2013 but rather resisted the short time frame that Plaintiff provided for responding to his settlement demand and argued that pursuing any claim at that time was premature. *See* Dkt. No. 22-1. Thereafter, Plaintiff's March 2013

demand letter was – by Ziba's own admission – not claimed by Ziba although delivery was twice attempted to Ziba's post office box. *See* Dkt. No. 16-1; Dkt. No. 17 at 2.

Defendant did not actually refuse to advance Plaintiff's arbitration fees and costs in response to a demand that Defendant actually received and reviewed, and thereafter Plaintiff did not actually initiate arbitration. Even if the Court were to ignore Plaintiff's heavy burden and construe the facts in favor of Plaintiff, Defendant Ziba did not engage in conduct that was so inconsistent with availing itself of the Arbitration Agreement as to waive its right to compel arbitration.

Under these circumstances, Ziba had no obligation to initiate arbitration itself on a claim against it that, based on Plaintiff's January 2013 demand letter, Plaintiff might not actually have pursued and as to any actual demand for arbitration for which – albeit due to Ziba's own failure to claim Plaintiff's March 2013 demand letter – Ziba had no actual knowledge. The Fifth Circuit has consistently held that "it is not necessary that the party moving for a stay of proceedings have made a pre-suit demand for arbitration" and has observed that "[r]equiring pre-suit demand will place on the party sought to be charged the duty to institute proceedings which may establish his own liability, though if he remains inactive the claims asserted against him may never be formally pressed in either arbitration or court proceedings." *Tenneco Resins, Inc. v. Davy Intern., AG*, 770 F.2d 416, 419 (5th Cir. 1985) (internal quotation marks omitted). And the Fifth Circuit has held that "[p]re-suit inactivity does not invoke the judicial process and cannot support a finding of waiver." *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991).

This is not a case in which Plaintiff initiated arbitration and demanded that Defendant cover the fees and costs per the parties' agreement and in which Defendant then refused to do so. Here, there is no evidence of an overt act that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration. *See Mirant*, 613 F.3d at 589.

Neither do Plaintiff's litigation costs incurred as a result of Plaintiff's decision to initiate a lawsuit constitute the sort of prejudice that supports finding a waiver of Defendant Ziba's right to compel arbitration. "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distributing Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986).

"[F]or purposes of a waiver of an arbitration agreement: prejudice refers to the inherent unfairness in terms of delay, expenses, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004) (internal quotation marks omitted). The Fifth Circuit has recognized that engaging in pretrial discovery of arbitrable claims, engaging in pretrial motion practice concerning arbitrable issues, and failing to timely assert the right to arbitration are factors for the Court to consider in determining whether a party seeking arbitration has caused prejudice to the opposing party. *See id.*

Here, Defendants answered Plaintiff's complaint 22 days after the case was filed and then, 13 days later, filed a motion to compel arbitration. *See* Dkt. Nos. 1, 10, & 13.

-7-

That is hardly invoking the judicial process in a manner inconsistent with the right to arbitrate. "Under the circumstances of this case, the record does not fairly support a conclusion that [Ziba] has substantially utilized the legal process before moving for a stay of judicial proceedings so that the dispute could be settled by arbitration." *Tenneco*, 770 F.2d at 420.

For all of these reasons, the Court determines that Defendant Ziba did not waive its right to compel arbitration.

Plaintiff also argues that, under the terms of the Arbitration Agreement, Defendant Anet cannot participate in the arbitration, such that Plaintiff's claim against Anet must proceed in this Court. And, this, according to Plaintiff, dictates that Plaintiff's claims against Anet and Ziba should both be tried by this Court and not arbitrated.

As an initial matter, Plaintiff is mistaken about the proper conclusion that follows from the premise of his argument. Even if Plaintiff were correct that Anet cannot be a party to any arbitration under the Arbitration Agreement, the interconnectedness of Plaintiff's claims against Anet and Ziba and "the possibility of conflicting decisions on the same claims and same set of facts," Dkt. No. 16 at 3, would support a decision to stay the claim against Anet pending arbitration between Plaintiff and Ziba rather than a decision to deny Ziba's demand to compel arbitration, *see Hill v. G E Power Systems, Inc.*, 282 F.3d 343, 347-48 (5th Cir. 2002).

But the Court rejects the essential premise of Plaintiff's argument as well. The parties argue the issue of whether Anet can participate in an arbitration in terms of

whether Anet is a party to the Arbitration Agreement as, along with Ziba, the "Employer." Based on a review of the Arbitration Agreement, it is not at all clear that Anet is a party to the agreement as the "Employer" on the terms of the Arbitration Agreement, which does not define "Employer" or otherwise incorporate the FLSA's provisions and definitions. Anet signed the agreement as the "Authorized Representative of Employer," and the agreement provides that "no person or entity other than Employer and Employee may be made party to any arbitration under this Agreement without the prior written consent of the Employer and the Employee." Dkt. No. 11-1

Here, however, it is not necessary to decide whether Anet is technically a party to the Arbitration Agreement, because Anet can invoke and enforce the Arbitration Agreement even as a non-signatory and non-party thereto. As a general rule, "to be enforceable, an arbitration clause must be in writing and signed by the party invoking it," and the courts "will allow a nonsignatory to invoke an arbitration agreement only in rare circumstances." *Westmoreland v. Sadoux*, 299 F.3d 462, 465 (5th Cir. 2002). And the Fifth Circuit has held that "a nonsignatory cannot compel arbitration merely because he is an agent of one of the signatories." *Id.* at 466.

But a nonsignatory can compel arbitration "when the signatory to the contract containing a arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Id.* at 467. This is based on equitable estoppel that the Court can find, in its discretion, where "the lynchpin for equitable estoppel is equity and the point of

applying it to compel arbitration is to prevent a situation that would fly in the face of fairness." *Hill*, 282 F.3d at 349 (internal quotation marks omitted).

Here, Plaintiff (a signatory to the Arbitration Agreement) has asserted allegations of substantially interdependent and concerted misconduct by both Ziba (a signatory to the Arbitration Agreement) and Anet (a nonsignatory). *See* Dkt. No. 1. Notwithstanding Plaintiff's contractual right to withhold its consent to any person "other than Employer and Employee [being] made party to any arbitration under [the Arbitration] Agreement," Dkt. No. 11-1, Plaintiff cannot bring entirely interdependent claims against both Ziba and Anet as his "employers" under the FLSA and then assert that only Ziba could invoke Plaintiff's agreement to arbitrate because Anet is not technically a party (as the "Employer") to the Arbitration Agreement.

Accordingly, the Court will compel arbitration of Plaintiff's FLSA claims against both Defendants.

Because the Court has determined that Defendants Ziba and Anet can both compel Plaintiff to arbitrate his claims against them, the Court must next consider whether this suit should be stayed while the arbitration occurs or should be dismissed. Section 3 of the FAA requires the Court to stay its proceedings on claims that are subject to arbitration. *See* 9 U.S.C. § 3. However, "if all the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate." *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir.1999).

Here, because "all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no

purpose." *Id.* (internal quotation marks omitted). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (internal quotation marks omitted) (citing 9 U.S.C. §§ 9-12).

The Court will therefore exercise its discretion to dismiss this case without prejudice.

## Conclusion

The Court GRANTS Defendants' First Amended Motion to Abate and Compel Binding Arbitration [Dkt. No. 11] and DISMISSES this action without prejudice. The parties shall arbitrate all of Plaintiff Raymond Wirth's claims against Defendants Ziba Enterprises, Inc. d/b/a Ace Imports and Financial Services and Kambiz Kenny Anet pursuant to and in accordance with the Arbitration Agreement signed by Plaintiff and Defendant Anet, on behalf of Defendant Ziba, on June 1, 2012.

SO ORDERED.

DATED: September 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE